UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ABDELA SHARIF** | * | |
| | * | CIVIL ACTION NO. 2:23-cv-02334 |
| **Plaintiff** | * | |
| | * | |
| | * | JUDGE: WENDY B. VITTER |
| **versus** | * | |
| | * | |
| **TAYLOR SCOTT ADAM,** | * | |
| **TODD ADAM, AND PROGRESSIVE** | * | MAG. JUDGE: DONNA PHILLIPS |
| **COUNTY MUTUAL INSURANCE** | * | CURRAULT |
| **COMPANY** | * | |
| | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT AND NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Taylor Scott Adam, Todd Adam, and Progressive County Mutual Insurance Company, who respectfully submit this Amended Complaint and Notice of Removal as follows:

1.

This action has been brought in the Civil District Court for the Parish of Orleans, State of Louisiana, by the service of a Petition for Damages and a Citation on the Defendants. The action brought in the Civil District Court for the Parish of Orleans bears the Docket Number 2023-05002, Division "L-6", and is entitled, "Abdela Sharif versus Taylor Scott Adam, Todd Adam, and Progressive County Mutual Insurance Company"[1]

---

[1] *See* Plaintiff's Petition for Damages, attached hereto as Exhibit 1.

2.

This action is a civil action brought by the Plaintiff, Abdela Sharif, seeking to recover for alleged personal injuries arising from a motor vehicle accident on or about May 31, 2022, in the Parish of Orleans, State of Louisiana, involving Defendant, Taylor Scott Adam.[2] Plaintiff's Petition alleges that Defendant, Todd Adam, was the owner of the vehicle operated by Taylor Scott Adam; and that Defendant, Progressive County Mutual Insurance Company, issued a policy of insurance to Taylor Scott Adam and Todd Adam that allegedly provides coverage for the subject incident.[3]

3.

This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. This action involves a controversy that is wholly between citizens of different states. Plaintiff, Abdela Sharif, is alleged to be a natural person of the full age of majority, domiciled in and resident of the Parish of Jefferson, State of Louisiana.[4] As alleged in Plaintiff's Petition, Defendant, Taylor Scott Adam, is domiciled in and resident of Harris County, State of Texas.[5] Taylor Scott Adam is a citizen of Texas. As alleged in Plaintiff's Petition, Defendant, Todd Adam, is domiciled in and resident of Harris County, State of Texas.[6] Todd Adam is a citizen of Texas. Defendant, Progressive County Mutual Insurance Company, is a corporation that is incorporated in the state of Texas, with its

---

[2] *See* Plaintiff's Petition, Paragraph 3, attached hereto as Exhibit 1.
[3] *See* Plaintiff's Petition, Paragraphs 4 – 6, attached hereto as Exhibit 1.
[4] *See* Plaintiff's Petition, first unnumbered paragraph (the preamble), attached hereto as Exhibit 1.
[5] *See* Plaintiff's Petition, Paragraph 1(A), attached hereto as Exhibit 1; *see also* Taylor Scott Adam's driver's license, attached hereto as Exhibit 2.
[6] *See* Plaintiff's Petition, Paragraph 1(B), attached hereto as Exhibit 1; *see also* Todd Adam's driver's license, attached hereto as Exhibit 3.

principal place of business in Austin, Texas.[7] Progressive County Mutual Insurance Company is therefore deemed to be a citizen of Texas. Accordingly, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 as the Plaintiff and Defendants are citizens of different states.

4.

This suit arises out of alleged personal injury and property damage pursuant to a motor vehicle accident on or about May 31, 2022, between Plaintiff, Abdela Sharif, and Defendant, Taylor Scott Adam. The vehicle operated by Taylor Scott Adam was owned by Defendant, Todd Adam. Defendant, Progressive County Mutual Insurance Company, issued a policy of insurance, bearing Policy No. 947822800, to Taylor Scott Adam and Todd Adam for the period of April 2, 2022, to October 2, 2022. Policy No. 947822800 provided the following liability coverages within the following limits as stated in the policy: Bodily Injury Liability of $250,055 per person; Property Damage Liability of $100,055 per accident.[8]

---

[7] *See* Official Order of the Commissioner of Insurance of the State of Texas and Restated Articles of Incorporation of Progressive County Mutual Insurance Company, attached as Exhibit 4; *see also* search results for Progressive County Mutual Insurance Company on the Texas Department of Insurance website, attached hereto as Exhibit 5 ("Origin: Domestic; Incorporated Date: 1948/05/08; Domicile State: TX; Domicile City: Austin"); *see also* Progressive County Mutual Insurance Company's Corporate Disclosure Statement, filed on July 7, 2023, attached as Exhibit 6 ("Progressive County Mutual Insurance Company is a Texas county mutual insurance company. . . with its principal place of business located at 7301 Metro Center Drive, Austin, TX 78744."). 28 U.S.C. § 1332(c)(1) "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business…"). *See also Hertz Corp v. Friend*, 559 U.S. 77, 130 S.T. 1181, 175 L. Ed. 2d 1029, 2010 U.S. LEXIS 1897 (2010); *Laird v. Liberty Pers. Ins. Co.*, 22-3537 (La. E.D. 11/29/22), 2022 U.S. Dist. LEXIS 214217.
[8] See Declarations Page of Policy No. 947822800, certified and authenticated by Progressive County Mutual Insurance Company's authorized representative on June 14, 2023, attached as Exhibit 7.

5.

The Plaintiff's Petition is silent as to the amount in controversy and does not state that there is a lack of jurisdiction in the United States District Court, as required under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking due to insufficiency of damages.

6.

Prior to filing the instant suit, on May 17, 2023, Plaintiff sent a demand letter to Defendant, Progressive County Mutual Insurance Company, demanding an amount which exceeds the requisite amount in controversy for removal.

7.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount provided by 28 U.S.C. 1332 is met in either of two ways: (1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00 or (2) when a defendant can show through supporting, summary judgement-type evidence that the plaintiff's claims are likely to exceed $75,000.00.[9] Although the Petition is not "facially apparent" that Plaintiff's claims exceed $75,000.00, Plaintiff's alleged damages were itemized therein, including but not limited to: past, present, and future physical pain and suffering, medical hospital and

---

[9] *Smith et al. v. Domilise et al.*, 21-1409 (E.D. La. 2021), 2021 WL 4707571, *3; *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Dautriel, et al v. Colgan Air Inc., et al*, 07-CV-1735, 2008 WL 652149 (W.D. La. 1/15/08). See also, *Velasquez v. S2S N. Gate Assocs., LLC*, 21-533 (La. M.D. 12/16/2021) 2021 U.S. LEXIS 256791, *5 – 9 ("the Fifth Circuit has provided a bright line rule that 'the thirty-day removal period under the first paragraph [of 28 U.S.C. 1446] is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'") (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

pharmaceutical expenses, mental anguish and emotional trauma, loss of enjoyment of life and loss of pursuit of happiness; loss of income, wages, and ability to earn income / wages; loss of love, affection, companionship and intimacy; and diminution in property value.[10] Accordingly, while the amount in controversy is not facially apparent from the face of the Petition; the allegations of damage in the Petition, combined with Plaintiff's pre-suit demand and the coverage limits of Policy No. 947822800 as stated above, evidence that Plaintiff is clearly seeking an amount in excess of $75,000.00, exclusive of interests and costs, which is sufficient to satisfy the amount in controversy requirement under 28 U.S.C. § 1446(c)(2).

8.

Additionally, on June 23, 2023, in an effort to confirm with Plaintiff whether the amount in controversy exceeded the requisite $75,000.00 amount in controversy such that Defendants could be put on notice of whether or not this Court has proper jurisdiction, Defendants specifically presented to Plaintiff a damage stipulation that the Plaintiff's alleged damages were less than $75,000.00, exclusive of interest and court costs.[11] Plaintiff was asked to provide a response within seven (7) days, but no response was ever received. This Circuit has previously "suggested that failure to stipulate that the amount in controversy is below $75,000.00 is evidence that the amount in controversy is in excess of the requisite amount."[12] Plaintiff's refusal to sign a damage stipulation clearly demonstrates that Plaintiff is seeking an amount in excess of $75,000.00, sufficient to satisfy the amount in controversy requirement.

---

[10] *See* Plaintiff's Petition, Paragraph 11, attached hereto as Exhibit 1.
[11] *See* Damage Stipulation and transmittal letter, dated June 23, 2023, attached as Exhibit 8.
[12] *Broadway v. Wal-Mart Stores, Inc*., 2000 U.S. Dist. LEXIS 15632 (E.D. La. Oct. 18, 2000) citing to *Reid v. Delta Gas*, 837 F. Supp. 751 (M.D. La. 1993).

9.

Pursuant to the provisions of 28 U.S.C § 1441, *et seq.*, this case has been removed to the United States District Court for the Eastern District of Louisiana.

10.

Defendants timely bring this removal less than thirty (30) days after confirming that diversity jurisdiction existed through Plaintiff's refusal to sign the damage stipulation issued on June 23, 2023. Undersigned counsel attempted to elicit a response from Plaintiff's counsel via emails and telephone calls, but no response was ever received. Defendants discovered and became aware of the requisite jurisdictional amount and citizenship diversity of the Parties after no response to the request for stipulation was received by June 29, 2023. As Defendants were only able to positively and affirmatively determine the requisite jurisdictional amount from Plaintiff's refusal to sign the damage stipulation on June 29, 2023, Defendants' first notice of this Court's proper jurisdiction over the instant suit was less than thirty (30) days prior to the filing of the Amended Complaint and Notice of Removal.

11.

Moreover, the Amended Complaint and Notice of Removal was filed less than 30 days after service of the Petition on Defendants. Accordingly, Defendants' first notice of this instant suit was less than thirty (30) days prior to the filing of the Amended Complaint and Notice of Removal.

12.

Moreover, the Amended Complaint and Notice of Removal was filed less than one year after Plaintiff's filing of the Petition. The underlying lawsuit was filed into the record of the Civil District Court for the Parish of Orleans on May 31, 2023, so removal is timely in accordance with 28 U.S.C § 1146 (b).

13.

Written notice of removal has been given to all adverse Parties and a copy of the Complaint and Notice of Removal was filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, to effect a removal of the civil action to this Honorable Court, as provided by law.

**WHEREFORE**, Defendants, Defendants, Taylor Scott Adam, Todd Adam, and Progressive County Mutual Insurance Company, respectfully pray that this Amended Complaint and Notice of Removal be accepted as good and sufficient, that the aforesaid civil action be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Honorable Court for trial and a determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings of such civil action from the Civil District Court for the Parish of Orleans, Louisiana, and there upon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: */s/ Devin Caboni-Quinn*
**JASON P. FOOTE (#25050)**
**DEVIN CABONI-QUINN (#35447)**
**KALEIGH K. ROONEY (#40034)**
2821 Richland Avenue, Suite 202
Metairie, Louisiana 70002
Telephone:  504-324-8585
Facsimile:  504-324-8496
Email:  jfoote@footelawoffices.com;
dcaboni@footelawoffices.com;
krooney@footelawoffices.com
*Attorneys for Taylor Scott Adam, Todd Adam, and Progressive County Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12 day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

*/s/ Devin Caboni-Quinn*
**DEVIN CABONI-QUINN**